FILED
CLERK'S OFFICE

[illegible stamp]

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**VINCENT M. PANICZKO, EXECUTOR**
**of the ESTATE OF CATHERINE PANICZKO**
**Plaintiff**

**Vs.**                                          **Civil Action No. 04-30030-KPN**

**KIA MOTORS CORPORATION and**
**KIA MOTORS AMERICA, INC.**
**Defendants**


## PLAINTIFF'S AMENDED COMPLAINT

1. This is an action for wrongful death. This Court has jurisdiction based on diversity of jurisdiction and the plaintiff's reasonable belief that recover in this case would exceed $75,000.00 exclusive of costs and interest.

2. The plaintiff VINCENT M. PANICZKO is the duly appointed executor of the estate of his mother CATHERINE PANICZKO late of North Hatfield, Hampshire County, Massachusetts. He was so appointed by the Hampshire Probate and Family Court on July 11, 2002. He is a resident of 72 Pantry Road, North Hatfield, Massachusetts.

3. The defendant KIA MOTORS CORPORATION [hereinafter "KIA"] is a manufacturer of automobiles, including the Kia Rio, in or about Seoul, South Korea and exports said automobiles to the United States

for sale throughout the United States and more particularly a substantial number in the Commonwealth of Massachusetts. The defendant has a principal place of business at 231, Yangjae-dong Seocho-ku, Seoul, Korea.

4. The defendant KIA MOTORS AMERICA, INC. is a distributor of Kia automobiles, including the 2001 Rio, throughout the United States and substantially in the Commonwealth of Massachusetts in 2001. It has a principal place of business at 9801 Muirlands Boulevard, Irvine, California 92618-2521.

5. On or about July of 2001 CATHERINE PANICZKO purchased a 2001 year model Kia Rio, manufactured by the defendant KIA, from a KIA dealer in Northampton, Hampshire County, Massachusetts.

6. On or about December 20, 2001 CATHERINE PANICZKO was operating her Kia Rio on North King Street in Northampton, Hampshire County, Massachusetts, when her vehicle left her lane and collided head-on with a truck coming from the opposite direction. Said accident was not due to any negligence on the part of CATHERINE.

7. Said Kia Rio was equipped with a driver's side air bag, which failed to deploy in the accident despite severe high impact damage to the front end of the Paniczko car.

8. As a result of the accident and the failure of the air bag to deploy, CATHERINE PANICZKO sustained multiple trauma, including fractures, to her chest, head and legs resulting in her death.

## COUNT I
## VINCENT M. PANICZKO, EX. V. KIA MOTORS CORPORATION
## BREACH OF WARRANTY - UCC

9. The plaintiff restates the allegations in paragraphs 1-8.

10. The failure of the Kia Motors Corporation air bag to deploy was a breach of the implied warranties of fitness and merchantability under the Uniform Commercial Code, General Laws Section 2-314 and 315, Chapter 206.

11. As a result of the defendant's breach of warranty, CATHERINE PANICZKO sustained serious personal injuries, loss of earning capacity, incurred medical expenses and was otherwise damaged.

12. Wherefore, the plaintiff says that the defendant KIA MOTORS CORPORATION owes the fair monetary value to be determined by the Court or Jury of the decedent to the person or persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled pursuant to Massachusetts General Laws, chapter 299, Sections 1 and 2, plus costs and interest.

## COUNT II
## <u>VINCENT M. PANICZKO, EX. V. KIA MOTORS CORPORATION</u>
## <u>UNFAIR OR DECEPTIVE BUSINESS PRACTICES- c. 93A</u>

13. The plaintiff restates the allegations in paragraphs 1-7.

14. The breach of the implied warranties of merchantability and fitness under the Uniform Commercial Code, as alleged in Count I, constitute an unfair or deceptive business practice in violation of G.L., c. 93A, §§2 and 9.

15. Wherefore, the plaintiff says that the defendant KIA MOTORS CORPORATION owes, in addition to any damages awarded under Count I, double or treble damages for a willful or knowing violation, plus reasonable attorney's fees, costs and interest to be determined by the Court.

## COUNT III
## <u>VINCENT M. PANICZKO, EX. V. KIA MOTORS AMERICA, INC.</u>
## <u>BREACH OF WARRANTY - UCC</u>

16. The plaintiff restates the allegations in paragraphs 1-8.

17. The failure of the Kia air bag to deploy was a breach of the implied warranties of fitness and merchantability under the Uniform Commercial Code, General Laws Section 2-314 and 315, Chapter 206.

18. As a result of the defendant's breach of warranty, CATHERINE
    PANICZKO sustained serious personal injuries, loss of earning
    capacity, incurred medical expenses and was otherwise damaged.

19. Wherefore, the plaintiff says that the defendant KIA MOTORS
    AMERICA, INC. owes the fair monetary value to be determined by
    the Court or Jury of the decedent to the person or persons entitled to
    receive the damages recovered, including but not limited to
    compensation for the loss of the reasonably expected net income,
    services, protection, care, assistance, society, companionship,
    comfort, guidance, counsel and advice of the decedent to the persons
    entitled pursuant to Massachusetts General Laws, chapter 299,
    Sections 1 and 2, plus costs and interest.

## COUNT IV
## VINCENT M. PANICZKO, EX. V. KIA MOTORS AMERICA, INC.
## UNFAIR OR DECEPTIVE BUSINESS PRACTICES- c. 93A

20. The plaintiff restates the allegations in paragraphs 1-8.

21. The breach of the implied warranties of merchantability and fitness
    under the Uniform Commercial Code, as alleged in Count I, constitute
    an unfair or deceptive business practice in violation of G.L., c. 93A,
    §§2 and 9.

22. Wherefore, the plaintiff says that the defendant KIA MOTORS
    AMERICA, INC. owes, in addition to any damages awarded under
    Count I, double or treble damages for a willful or knowing violation,

plus reasonable attorney's fees, costs and interest to be determined by the Court.

23. The plaintiff requests a trial by jury.

> VINCENT M. PANICZKO,
> EXECUTOR of the ESTATE OF
> CATHERINE PANICZKO
> PLAINTIFF
>
> By
> STEPHEN W. SILVERMAN, ESQ.
> 73 State Street
> Springfield, Ma. 01103
> (413) 788-6188
> fax: 736-4968
> BBO# 463020