UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT M. PANICZKO, executor of the Estate of Catherine Paniczko,<br><br>Plaintiff<br><br>vs.<br><br>KIA MOTORS CORPORATION et al.,<br><br>Defendants | CIVIL ACTION NO. 04-30030-KPN |

## KIA MOTORS AMERICA, INC.'S ANSWER AND JURY DEMAND

The defendant Kia Motors America, Inc. ("KMA") hereby answers the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 8 and 12.

1. KMA does not have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 1 of the amended complaint.

2. KMA does not have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 2 of the amended complaint.

3. KMA admits Kia Motors Corporation manufactures, in part, automobiles in or about Seoul, South Korea, that such automobiles include Kia Rio automobiles, that Kia Motors Corporation exports such automobiles to the United States, and that such automobiles are sold in Massachusetts as well as elsewhere in the United States. KMA otherwise denies the averments of the first sentence in paragraph 3 of the amended complaint. KMA admits the averments in the second sentence of paragraph 3 of the amended complaint.

4. Admitted.

1

5. KMA does not have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 5 of the amended complaint.

6. KMA admits that on or about December 20, 2001, Catherine Paniczko was operating a Kia Rio on North King Street in Northampton, Hampshire County, Massachusetts, and that the Kia Rio left her travel lane and collided with a pick-up truck. KMA does not otherwise have sufficient knowledge or information to form a belief as to the truth of the averments in the first sentence of paragraph 6 of the amended complaint. KMA denies the averments in the second sentence of paragraph 6 of the amended complaint.

7. KMA admits the Kia Rio involved in this case was equipped as original equipment with a supplemental airbag restraint system at the driver's seating position and that the supplemental airbag restraint was not deployed in the crash giving rise to the litigation. KMA otherwise does not have sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 7 of the amended complaint.

8. KMA admits that Catherine Paniczko sustained multiple trauma as a result of the accident in which she was involved but does not have sufficient knowledge or information to form a belief as to the extent, if any, to which trauma and injuries she sustained were a result of non-deployment of the supplemental airbag restraint and denies non-deployment of the supplemental airbag restraint caused her death.

9. KMA incorporates by reference its responses to paragraphs 1 through 8 of the amended complaint.

10. Denied.

11. Denied.

12. Denied.

13. KMA incorporates by reference its responses to paragraphs 1 through 7 of the amended complaint.

14. Denied.

15. Denied.

16. KMA incorporates by reference its responses to paragraphs 1 through 8 of the amended complaint.

17. Denied.

18. Denied.

19. Denied.

20. KMA incorporates by reference its responses to paragraphs 1 through 8 of the amended complaint.

21. Denied

22. Denied.

### FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim against KMA on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because he failed to notify KMA in timely fashion of the alleged breaches of warranty on which he relies, and KMA has been prejudiced by that failure.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because the decedent's death was caused by one or more intervening, superseding causes.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because the vehicle had been materially modified by persons for whose conduct KMA bears no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because the decedent's death was solely caused by acts or omissions of persons for whose conduct KMA is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because the decedent's death was caused by her failure to take reasonable measures to mitigate her injuries.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because, if the Rio was defective (which KMA categorically denies it was), then the decedent was aware of the defect and the risk created by it but nonetheless proceeded unreasonably to encounter the known risk and, by that unreasonable conduct, proximately caused her own death.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claim pursuant to G.L. c. 93A, §§2 and 9, is barred because the conduct alleged to give rise to KMA's liability under that statute did not occur primarily and substantially in Massachusetts.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive multiple damages pursuant to G.L. c. 93A, §§2 and 9, is barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as any such award might not adequately reflect in its amount the punitive

and deterrent effect of any compensatory damages awarded in this case or any damages awarded in other cases on the basis of similar alleged misconduct.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive multiple damages pursuant to G.L. c. 93A, §§2 and 9, is barred by Part 1, Art. 10, of the Commonwealth of Massachusetts Constitution insofar as any such award might not adequately reflect in its amount the punitive and deterrent effect of any compensatory damages awarded in this case or any damages awarded in other cases on the basis of similar alleged misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive damages pursuant to G.L. c. 93A, §§2 and 9, is barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution because, except for the statutory maximum and minimum prescribed by §9, neither that statute nor precedential judicial decisions construing it provide any objective standards to be applied by the factfinder or by a reviewing judge in determining the amount of such damages that might appropriately be awarded.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive damages pursuant to G.L. c. 93A, §§2 and 9, is barred by Part 1, Art. 10, of the Commonwealth of Massachusetts Constitution because, except for the statutory maximum and minimum prescribed by §9, neither that statute nor precedential judicial decisions construing it provide any objective standards to be applied by the factfinder or by a reviewing judge in determining the amount of such damages that might appropriately be awarded.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive damages pursuant to G.L. c. 93A, §§2 and 9, is barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as that statute mandates an award of punitive damages at least twice the amount of compensatory damages, regardless of the amount of compensatory damages awarded, the degree to which the defendant's alleged misconduct did or did not occur within the Commonwealth of Massachusetts, and other factors which due process requires be taken into account in determining the amount of punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive damages pursuant to G.L. c. 93A, §§2 and 9, is barred by Part 1, Art. 10, of the Commonwealth of Massachusetts Constitution insofar as that statute mandates an award of punitive damages at least twice the amount of compensatory damages, regardless of the amount of compensatory damages awarded, the degree to which the defendant's alleged misconduct did or did not occur within the Commonwealth of Massachusetts, and other factors which due process requires be taken into account in determining the amount of punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for punitive multiple damages pursuant to G.L. c. 93A, §§2 and 9, is barred by Part 1, Art. 26, of the Commonwealth of Massachusetts Constitution insofar as any such award might not adequately reflect in its amount the punitive and deterrent effect of any compensatory damages awarded in this case or any damages awarded in other cases on the basis of similar alleged misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for punitive multiple damages pursuant to G.L. c. 93A, §§2 and 9, is barred by Part 1, Art. 26, of the Commonwealth of Massachusetts Constitution insofar as that statute mandates an award of at least twice the amount of compensatory damages regardless of the amount of the compensatory damages awarded and the correlation or lack of correlation of the prescribed punitive award with the culpability of the defendant's alleged conduct.

## JURY DEMAND

KMA demands trial by jury on the plaintiff's claims for breach of warranty only.

KIA MOTORS AMERICA, INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
James M. Campbell (BBO: 541882)
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on May 27, 2004, I served the within Answer and Jury Demand by causing a copy to be mailed, by first class mail, postage prepaid, to Stephen W. Silverman, Esquire, 73 State Street, Springfield, MA  01103.

_____
John A.K. Grunert