UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT M. PANICZKO, executor of the Estate of Catherine Paniczko,<br><br>Plaintiff<br><br>vs.<br><br>KIA MOTORS CORPORATION et al.,<br><br>Defendants | CIVIL ACTION NO. 04-30030-MAP |

## JOINT STATEMENT

The parties to this action, plaintiff Vincent M. Paniczko, executor of the estate of Catherine Paniczko, and defendants Kia Motors Corp. and Kia Motors America, Inc., submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f), LR 16.1(D), and the Court's July 30, 2004, Notice of Scheduling Conference.[1]

1.  Number of Discovery Events

The parties suggest that the pretrial scheduling order provide as follows with respect to numerical limits on discovery events:

(a)  Interrogatories. The plaintiff may serve up to 25 interrogatories on Kia Motors Corp. and up to 25 interrogatories on Kia Motors America, Inc. Kia Motors Corp. and Kia Motors America, Inc. may each serve up to 25 interrogatories on the plaintiff. A party may divide the interrogatories permitted by this paragraph into as many separate sets as it chooses.

---

[1] The parties note that, while this action was commenced on or about February 9, 2004, service of process on the defendant Kia Motors Corp. was not accomplished until July, 2004.

1

(b) <u>Requests for Admission.</u> The plaintiff may serve up to 25 requests for admission on Kia Motors Corp. and up to 25 requests for admission on Kia Motors America, Inc. Kia Motors Corp. and Kia Motors America, Inc. may each serve up to 25 requests for admission on the plaintiff. A party may divide the requests for admission permitted by this paragraph into as many separate sets as it chooses.

(c) <u>Rule 34 Requests for Production.</u> The plaintiff may serve on Kia Motors Corp. Rule 34 requests for production comprising up to 25 separately numbered paragraphs. The plaintiff may serve on Kia Motors America, Inc. Rule 34 requests for production comprising up to 25 separately numbered paragraphs. Kia Motors Corp. may serve on the plaintiff Rule 34 requests for production comprising up to 25 separately numbered paragraphs. Kia Motors America, Inc. may serve on the plaintiff Rule 34 requests for production comprising up to 25 separately numbered paragraphs. A party may divide the Rule 34 requests for production permitted by this paragraph into as many separate sets as it chooses.

(d) <u>Documents-Only Subpoenas to Non-Parties.</u> There shall be no specific numerical limit on the number of documents-only subpoenas that the parties may serve on non-parties to the litigation.

(e) <u>Depositions.</u> Subject to the exemptions set forth in the following ¶1(f), the plaintiff may notice and take up to 10 depositions and Kia Motors Corp. and Kia Motors America, Inc. collectively may notice and take up to 10 depositions. No deposition of a person who has not been identified as a likely trial expert may last more than 7 hours except by agreement of the parties or further court order.

(f) <u>Depositions Exempted from Numerical Limitation.</u> Depositions of persons falling within the following categories shall be exempted from the numerical limit on the depositions established by LR26.1(C) and the preceding ¶1(e) of this order:

- Depositions of persons identified by a party as likely to testify on that party's behalf as an expert at trial;

- Depositions of the decedent Catherine Paniczko's treating health care providers, including physicians, EMTs, therapists, and other health care providers who are prohibited by state or federal law from discussing the decedent's medical care and history informally with defense counsel;

- Depositions of persons who are deposed strictly as keepers of records.

2. <u>Timing of Discovery Events</u>

The parties have discussed the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial. The parties do not believe that, in the circumstances of this particular case, conducting discovery in that manner would be beneficial.

The parties suggest the following schedule for completion of discovery events:

(a) <u>March 4, 2005</u>: deadline for serving interrogatories and Rule 34 requests for production

(b) <u>May 6, 2005</u>: deadline for completing depositions (except for depositions of persons identified as likely trial experts)

(c) <u>June 3, 2005</u>: deadline for plaintiff's service of expert reports under Fed. R. Civ. P. 26(a)(2)

(d) <u>August 1, 2005</u>: deadline for completion of depositions of plaintiff's proposed trial experts

(e) <u>September 2, 2005</u>: deadline for defendants' service of expert reports under Fed. R. Civ. P. 26(a)(2)

(f) <u>November 4, 2005</u>: deadline for completion of depositions of defendants' proposed trial experts

(g) <u>Ninety Days Prior to the Scheduled Trial Date</u>: deadline for serving requests for admission

(h) <u>Ninety Days Prior to the Scheduled Trial Date</u>: deadline for serving documents-only subpoenas on non-parties

3. <u>Schedule for Filing Motions</u>

The parties suggest the following schedule for filing motions.

(a) <u>October 1, 2004.</u> Deadline for motions to amend the pleadings.

(b) <u>November 4, 2004.</u> Deadline for motions to add third-party defendants.

(c) <u>December 2, 2005.</u> Deadline for motions for summary judgment.

(d) <u>Sixty Days Prior to the Scheduled Trial Date</u>: Motions in limine, including without limitation <u>Daubert</u> motions that any party deems appropriate to file in advance of trial, to be filed.

4. <u>LR 16.1(D)(3) Certifications</u>

Certifications signed by counsel and their clients pursuant to LR 16.1(D)(3) are attached hereto or will be submitted separately in advance of the Scheduling Conference.

5. <u>Non-Waiver</u>

The parties suggest that the pretrial scheduling order provide (a) that its provisions with respect to the numerical limits on discovery events and on the timing of discovery shall not be to the prejudice of any party to seek a protective order or other relief with respect to discovery that the party in good faith deems to be improper in any respect and (b) that its provisions with respect to the schedule for filing motions shall not be to the prejudice of any party to argue the untimeliness of motions which the party in good faith deems to be untimely in the circumstances under applicable principles of law.

| | |
|---|---|
| VINCENT M. PANICZKO, executor of the estate of Catherine Paniczko, | KIA MOTORS CORP. and KIA MOTORS AMERICA, INC., |
| By his attorney, | By their attorneys, |
| STEVEN W. SILVERMAN, | CAMPBELL CAMPBELL EDWARDS & CONROY, P.C. |
| */s/ Steven W. Silverman*<br>Steven W. Silverman (BBO: 463020)<br>73 State Street<br>Springfield, MA 01103<br>(413) 788-6188 | */s/ James M. Campbell*<br>James M. Campbell (BBO: 541882)<br>John A.K. Grunert (BBO: 213820)<br>One Constitution Plaza<br>Boston, MA 02129<br>(617) 241-3000 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT M. PANICZKO, executor of the Estate of Catherine Paniczko, ) ) ) ) Plaintiff ) ) vs. ) KIA MOTORS CORPORATION et al., ) ) Defendants ) | CIVIL ACTION NO. 04-30030-MAP |

## LOCAL RULE 16.1(D)(3) CERTIFICATION

I, John A.K. Grunert, one of the counsel of record in this matter for the defendants Kia Motors Corp. and Kia Motors America, Inc., hereby certify that I have conferred with Mark J. Goldzweig, Esquire, Senior Litigation Counsel at Kia Motors America, Inc. and the person with responsibility for managing this case, with a view to establishing a budget for the costs of litigating the case through trial and also for various alternative courses and to consider attempted resolution of the case through alternative dispute resolution programs such as mediation, a minitrial, a summary jury trial, and other means of facilitating settlement.

JOHN A. K. GRUNERT (BBO: 213820)
Campbell Campbell Edwards & Conroy PC
One Constitution Plaza
Boston, MA 02129
(617) 241-3000